UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEITH CURRY,<br>　*Plaintiff*,<br><br>　v.<br><br>CAPTAIN BROWN and LIEUTENANT MACKENZIE,<br>　*Defendants*. | No. 3:23cv1656 (VAB) |

**ORDER GRANTING MOTION TO DISMISS**

Before the Court is Defendants' motion to dismiss. Mot. to Dismiss, ECF No. 23 (October 2, 2024). Plaintiff, Keith Curry, has not filed a response.

For the reasons explained below, Defendants' motion to dismiss is **GRANTED**.

**I.   BACKGROUND**

Mr. Curry filed a *pro se* Complaint under 42 U.S.C. § 1983 while housed at Osborn Correctional Institution ("Osborn") in December of 2023. Compl., ECF No. 1 at 2 (December 21, 2023). The Court entered an Initial Review Order permitting Mr. Curry to seek damages against Captain Brown and Lieutenant Mackenzie ("Defendants") for allegedly violating Mr. Curry's Eighth Amendment rights. Initial Review Order, ECF No. 10 at 4 ("IRO") (February 16, 2024). The Court's Initial Review Order stated that "[i]f Mr. Curry changes his address at any time during the litigation of this case, Local Court Rule 83.1(c) provides that he MUST notify the court. Failure to do so can result in the dismissal of the case." *Id.* at 5.

Mr. Curry was transferred from Osborn to Cybulski Community Reintegration Center ("Cybulski Center") on February 22, 2024. *See* Defs.' Mot. to Dismiss Ex. A, ECF No. 23-2 at 1 (October 2, 2024). Mr. Curry filed a notice indicating his new address at the Cybulski Center. Notice, ECF No. 12 (February 29, 2024). Mr. Curry was then discharged from the Cybulski Center on June 13, 2024, after completing his sentence. *See* ECF No. 23-2 at 1. Defendants filed an Answer to Mr. Curry's complaint on June 28, 2024. Ans., ECF No. 19 (June 28, 2024). Defendants mailed a copy of their Answer to Mr. Curry's Cybulski Center address, Memo., ECF No. 23-1 at 2 (October 2, 2024), which is currently listed as Mr. Curry's address of record. The envelope was returned to Defendants with an "RTS Discharged" notation. Defs.' Mot. to Dismiss Ex. B, ECF No. 23-3 (October 2, 2024). Defendants filed a motion for extension of time to file a responsive pleading on April 17, 2024. Mot. for Ext., ECF No. 15 (April 17, 2024). Defendants mailed a copy of that motion to Mr. Curry's Cybulski Center address. ECF No. 23-1 at 3. The envelope was returned to Defendants with an "RTS Not here" notation. Defs.' Mot. to Dismiss Ex. C, ECF No. 23-4 (October 2, 2024).

Defendants have now moved to dismiss under Fed. R. Civ. P. 41(b) and Local Rule 83.1(c)(2) because Mr. Curry has failed to update the Court with his current address. *See* ECF No. 23 at 1.

## II.   DISCUSSION

"Local Rule 83.1(c)(2) requires every *pro se* litigant to notify the court if his or her mailing address changes at any time during the litigation of a case." *Moresca v. O'Brien*, No. 3:21-CV-764 (OAW), 2022 WL 119229, at *3 (D. Conn. Jan. 12, 2022) (citing D. Conn. L. Civ.

R. 83.1(c)(2) ("Any self-represented party must provide an address where service can be made upon such party.")). *Pro se* plaintiffs must comply with the Local Rules. *Mayes v. Griffin Hosp.*, No. 3:20-CV-1700 (CSH), 2021 WL 3795335, at *2 (D. Conn. 2021) (citation omitted) ("Plaintiffs, although they are proceeding *pro se*, are bound to comply with the provisions of the Federal Rules . . . as well as this District's Local Rules."). The Court admonished Mr. Curry of this responsibility when it ordered him to update the Court if his address changed, in accordance with Local Rule 83.1(c). *See* ECF No. 10 at 5.

All litigants, even those appearing *pro se*, must also comply with court orders. *See McDonald v. Head Crim. Ct. Super. Officer*, 850 F.2d 121, 124 (2d Cir. 1988). Failure to comply with the Local Rules or court orders may result in sanctions, including dismissal. *See Bourdon v. Walker*, 453 F. Supp. 2d 594, 601 (N.D.N.Y. 2006) ("[D]ismiss[ing] the present action due to petitioner's failure to comply with the terms of the [court's] Order and Local Rules" by failing to update address with the court); *Groomes v. Frazir*, No. 3:17CV1072(JCH), 2018 WL 6519062, at *2 (D. Conn. Dec. 11, 2018) (concluding that "the action is subject to dismissal under Federal Rule of Civil Procedure 41(b), for [plaintiff's] failure to respond to Orders and the rules of this court" requiring plaintiff to update address with the court).

Federal Rule of Civil Procedure 41(b) provides for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Although Rule 41(b) "expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). The Court's authority to dismiss for failure to prosecute "while explicitly sanctioned by Rule 41(b)

3

'has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)).

When exercising its discretion under Rule 41(b), the Court must consider five factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis*, 564 F.3d at 576. According to Defendants, they have not received any initial disclosures from Mr. Curry, have been unable to send discovery requests to him, and will be unable to depose him before the Court's November 4, 2024, discovery deadline because Defendants are unable to locate him. *See* ECF No. 23-1 at 6. The inability of the parties to conclude discovery by the court-ordered deadline will delay resolution of the case. The Court warned Curry that failure to update his address could result in dismissal of his case. *See* ECF No. 10 at 5. Curry understood this because he filed a notice changing his address when he moved to the Cybulski Center. ECF No. 12. Further delay will likely prejudice defendants because they will be unable to resolve the dispute without Mr. Curry's participation. *See Boone v. King*, No. 3:21CV00697(SALM), 2022 WL 1018232, at *2 (D. Conn. Apr. 5, 2022) (concluding that "Defendants are prejudiced by the inability to obtain resolution of this matter, due to plaintiff's non-responsiveness."). The need to alleviate court calendar congestion outweighs the right of Mr. Curry to have his day in court when he has not engaged in discovery or otherwise

4

meaningfully participated in the case. *See id.* (noting plaintiff "elect[ed] not to exercise that right by declining to participate in this action."). And there are no lesser sanctions that can be imposed to address Mr. Curry's failure to prosecute his case. *See id.* (concluding that "[l]esser sanctions would be meaningless, where the sanctioned conduct is complete failure by plaintiff to respond."). As a result, all five factors weigh in favor of Defendants.

Accordingly, Mr. Curry's Complaint is dismissed without prejudice, subject to him moving to reopen the case and providing a current address.

### III.  CONCLUSION

For the foregoing reasons and absent objection, the Court **GRANTS** Defendants' motion to dismiss.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 15th day of November, 2024.

                                          /s/ Victor A. Bolden
                                          VICTOR A. BOLDEN
                                          UNITED STATES DISTRICT JUDGE